PETER McRAE v. THE GARTH LUMBER COMPANY.

*Logging contract— Evidence— Replevin— Judgment— New trial—*
*Review of decision denying motion.*

1. Where the evidence as to whether or not a claimed contract was made is conflicting, the question should be submitted to the jury.

2. Plaintiff, after receiving from defendant a portion of a quantity of saw-logs driven by the defendant for him, brought replevin for the remainder of the logs, 648 of which were not taken on the writ. The evidence showed how many logs were cut, marked, and put into the river, and that defendant ran said logs, with other logs, to its boom, and there was testimony from which the jury could estimate how many logs were received by the plaintiff before the issuance of the writ. And it is held that it was not error for the court to permit the jury to find a verdict for the value of the logs not taken on the writ.

3. The action of the circuit judge in refusing to grant a motion for a new trial will not be reviewed where his reasons for such refusal are not incorporated in the bill of exceptions as a part of the record of the proceedings had on said motion.[1]

[1] REVIEW OF DECISION OF CIRCUIT JUDGE REFUSING MOTION FOR NEW TRIAL.

For cases bearing upon the proper construction of and practice under Act No. 134, Laws of 1893, which provides that "in all cases hereafter taken to the Supreme Court on writ of error or appeal, where a motion for a new trial has been previously refused by the trial judge, the party appealing the same may incorporate in the bill of exceptions a record of all proceedings had on said motion for a new trial, including the reasons given by the trial judge in refusing to grant said new trial," and that "exceptions may be taken and error assigned on the decision of the circuit judge in refusing such motion, and the same shall be reviewed by the Supreme Court," see:

1. *Gemberling v. Lazarus,* 100 Mich. 324, holding that the statute does not apply where the motion was decided, and writ of error issued, before the act took effect.

2. *Morley v. Wayne Circuit Judge,* where relator applied for *mandamus* to compel the respondent to give and file his reasons

Error to Delta.    (Stone, J.)    Argued October 11, 1894. Decided November 20, 1894.

Replevin.    Defendant brings error.    Affirmed.    The facts are stated in the opinion.

*Sawyer, Waite & Waite,* for appellant.

*George Gallup,* for plaintiff.

LONG, J.    Action of replevin.    Plaintiff had verdict and judgment in the court below, finding the title in him to such property as was taken on the writ, and a money judgment of $1,427.49 for property described in the writ, and not found by the officer.

---

for refusing to grant a motion for a new trial, and to incorporate said reasons in the bill of exceptions.  On April 4, 1894, a claimant against the estate of a deceased person recovered a verdict for $23,000.  Ten days later a motion for a new trial was made, based upon the files, records, and proceedings in the case, upon the stenographer's minutes taken on the trial, and upon a certain affidavit filed in support of said motion.  The reasons assigned why a new trial should be ordered were:

*a*—The erroneous admission and rejection of testimony.

*b*—The refusal to give certain requests to charge, and the giving of certain alleged erroneous instructions in the general charge.

*c*—Because the verdict was against the weight of evidence submitted upon the trial.

*d*—Because the claim was one of equitable cognizance, and not a proper subject for a jury trial.

The motion was argued May 12, 1894, and denied July 21, 1894, at which time the circuit judge filed his reasons as follows:

"I have carefully examined the errors alleged to have been made in the trial of this cause, and I am not satisfied that any error was committed.  I have given this case what attention and consideration it was possible for me to give, and I direct that the verdict stand, and that the motion for a new trial be denied, with $10 costs."

The circuit judge returned that the bill of exceptions was noticed for settlement for October 1, 1894, at which date the counsel for the appellee did not appear; that it was again noticed for settlement for November 24, 1894, at which time counsel for both parties appeared, and settled some disputed propositions; that on

The claim of the plaintiff on the trial was that he cut and delivered into the White Fish river, in the winter of 1892–93, 10,655 white pine logs, and 765 pieces of waney timber, and that such logs and timber were driven down the river by defendant, and put into its boom; that thereafter plaintiff received from the defendant, before commencement of suit, 7,824 of the logs, and all but 61 pieces of the timber, leaving a balance of logs in defendant's possession of 2,831, and the 61 pieces of timber. Demand was made for this balance, when defendant claimed a lien for driving under a contract for 50 cents per thousand feet. Plaintiff denied this contract, but made a tender of

---

December 18, 1894, counsel again appeared, and further disputes were settled, and, as this necessitated some changes, it was agreed between counsel that, these changes being made, the bill should be signed; that on December 19, 1894, the bill was presented to the circuit judge by the attorney for the appellant, corrected as agreed upon, and was signed by him; that, after the refusal of the motion for a new trial, the circuit judge heard nothing more concerning the order of denial until December 14, 1894, at which time one of the attorneys for the appellant asked him to file reasons for denying the motion; that the respondent told said attorney that the whole thing had passed from his mind, and that, if he had to file additional reasons, he should order a reargument of the motion, and, as the bill of exceptions had been practically settled, he thought it was too late to make such a demand; and that thereupon he was served with the notice to file his reasons as aforesaid.

The circuit judge submitted:

a—That the request to file reasons should have been made before the motion was decided, or at least before the writ of error was sued out, and not delayed until a day or two before the bill of exceptions was settled.

b—That the reason already given—that he was satisfied no error had been committed, and therefore a new trial was refused—was ample reason for denying the motion; and that he did not understand that the statute required him to make an argument in support of the position, or that the reasons should be set forth at length.

The application for *mandamus* was denied January 31, 1895. No opinion was filed.

$885, which amounted to 35 cents per thousand. Plaintiff took, under his writ, 2,183 logs and all the timber, leaving 648 logs unaccounted for, and for which the money judgment was entered. Under order of the court, on motion for new trial, the plaintiff remitted from this judgment the sum of $120.

The first contention in the court below was that a contract existed between the parties, by which plaintiff agreed to pay 50 cents per thousand feet for driving the logs. It is conceded that the tender was not sufficient to cover this amount. The plaintiff denies that such a contract was ever made. The court left that question to the jury to determine; but defendant contends that the testimony shows conclusively that such a contract was made, and that the court should so have directed the jury. After a careful examination of the testimony we are satisfied that there was a conflict of evidence on that point, and the court was correct in leaving it to the jury.

It is also contended that the court was in error in permitting the jury to find a verdict for the value of the logs not taken under the writ, for the reasons:

1. That there was no evidence showing how many logs came into the possession of the defendant, other than the amount agreed upon as having been sorted.
2. That there was no evidence to show how many logs had been delivered to plaintiff.

We think the testimony does show how many logs came into the possession of defendant; at least, the testimony shows how many logs were cut, marked, and put into the river, and it is shown that defendant took possession of them, and ran them, with other logs, to the boom. It is also shown, or such testimony was given from which the jury could estimate, how many logs were delivered to the plaintiff.

The questions presented by this record are mostly such as

were settled in the court below by the verdict of the jury under a very full and fair charge. It is claimed, however, that the court should have granted a new trial on newly-discovered evidence. Act No. 134, Laws of 1893, has provided for the manner of review. Among other things, it is provided by that act that there may be incorporated in the bill of exceptions a record of all the proceedings had on the motion for a new trial, including the reasons given by the trial judge in refusing to grant a new trial. Exceptions may be taken, and error assigned on such decision. The reasons of the circuit judge for refusing the new trial are not given. Apparently, the judge was not asked to give his reasons for such refusal. Unless the statute is followed in this regard, this Court cannot review that action.

We are satisfied that the case was fairly tried, and we find no error in the record calling for a new trial.

The judgment is affirmed.

McGRATH, C. J., MONTGOMERY and HOOKER, JJ., concurred. GRANT, J., did not sit.