## THE PEOPLE v. EDWIN N. RATHBUN.

105  699
107  341
105  699
137  4401

*Criminal law—Motion in arrest of judgment—Aiding escape of prisoner—Sufficiency of information.*

1. A motion in arrest of judgment has always been proper practice in a criminal case.

2. The denial of such a motion is reviewable on error, notwithstanding the failure of the circuit judge to give his reasons for such ruling.

3. Such a case is distinguishable from *McRae v. Lumber Co.*, 102 Mich. 488, which arose under Act No. 134, Laws of 1893, which provides for the incorporation in the bill of exceptions of the reasons of the circuit judge for refusing a new trial.

4. The use of the word "unto," instead of the word "into," in an information for a violation of How. Stat. § 9245, which provides that "every person who shall convey *into* any jail, prison, or other like place of confinement, any disguise, or any instrument, tool, weapon, or other thing, adapted or useful to aid any prisoner in making his escape, with intent to facilitate the escape of any prisoner there lawfully committed or detained, * * * shall be punished," etc., is a fatal defect, and may be taken advantage of by a motion in arrest of judgment.

5. Such a defect, not being the mere omission of a word necessarily implied from the text, cannot be cured by amendment, nor can the omission of the statutory word be overlooked.

Exceptions before judgment from Van Buren. (Buck, J.) Argued May 7, 1895. Decided July 2, 1895.

.Respondent was convicted of unlawfully conveying into a jail certain keys with intent to aid in the escape of a prisoner. Conviction reversed, and prisoner discharged. The facts are stated in the opinion.

*Heckert & Chandler*, for respondent.

*Fred A. Maynard*, Attorney General, and *L. H. Titus*, Prosecuting Attorney, for the people.

MONTGOMERY, J. Section 9245 of Howell's Statutes provides that—

"Every person who shall convey into any jail, prison, or other like place of confinement, any disguise, or any instrument, tool, weapon, or other thing, adapted or useful to aid any prisoner in making his escape, with intent to facilitate the escape of any prisoner there lawfully committed or detained, * * * shall be punished," etc.

· The information in this case charged that the respondent, on the 26th day of October, 1893,— ·

"Did feloniously and unlawfully convey *unto* the jail aforesaid, to wit, four keys, the said keys being adapted and useful to aid any prisoner in making his escape, with intent to facilitate the escape of the said George W. Deuel from said jail, he being such prisoner as 'aforesaid."

The respondent was convicted, and, after conviction, moved in arrest of judgment, alleging, as one ground for the motion, that the information did not cover the offense defined by the statute. The motion for arrest of judgment was overruled. It is contended by the counsel for the people that under the rule laid down in *McRae v. Lumber Co.*, 102 Mich. 488, this question cannot be passed upon in this Court, for the reason that the circuit judge, in refusing a new trial, did not give his reasons. That case, however, was based upon a statute relating to a

review of motions for a new trial. In the present case the question raised is one which was open to review by the Court before the enactment of this statute. A motion in arrest of judgment has always been proper practice in a criminal case.

We think this motion should have prevailed. How. Stat. § 9537, permits an amendment in the name of any county or place stated in the indictment, in the name or description of any person or body stated to be the owner of any property which is the subject of the offense charged, in the Christian or sur name of any person, in the name or description of any thing, in the name or description of any writing, in the ownership of any property described in the indictment, "and in all cases whenever the variance between the facts alleged in the indictment and those proved by the evidence are not material to the merits of the case." Section 9539 provides that, when the offense charged has been created by any statute, the indictment shall, after verdict, be held sufficient to warrant the punishment prescribed by the statute, if it describes the offense in the words of the statute. The practice of the Court has been liberal in allowing amendments under section 9537 in the particulars especially authorized by statute. See *People v. Hamilton*, 76 Mich. 212; *People v. McCullough*, 81 Id. 25; *People v. Waller*, 70 Id. 237; *People v. Mott*, 34 Id. 81. It is very clear that the respondent might have been guilty of all the acts charged in the information, and yet not be brought within the terms of the statute defining the offense. Were the defect a mere omission of a word which is necessarily implied from the text, it might be supplied by amendment, or the omission overlooked. *Garvin v. State*, 52 Miss. 207. But such is not the case here.

The judgment will be reversed and respondent discharged.

McGrath, C. J., Long and Hooker, JJ., concurred with Montgomery, J.

GRANT, J. (*dissenting*). Respondent was convicted under section 9245, How. Stat. The information was filed and conviction had under the first clause, which makes it an offense "to convey into any jail, prison, or other like place of confinement, any disguise, or any instrument, tool, weapon, or other thing, adapted or useful to aid any prisoner in making his escape, with intent to facilitate the escape of any prisoner there lawfully committed or detained." The record contains many assignments of error, but they are grouped by respondent's counsel under two heads, and we will treat them in the same way.

1. The complaint charged respondent with carrying *unto* the jail certain keys, etc. The warrant and information followed the complaint in the use of the word "unto" instead of "into." It is now insisted that the word "unto" has a different meaning from "into," and that, therefore, no offense is charged. This question was raised for the first time by a motion in arrest of judgment. The court, in its instruction, used the word "into," and it is apparent that throughout the trial was conducted upon the understanding that the offense was properly set forth. Had the attention of the court been called to it, an amendment would have been allowed. The objection, even if it were good, comes too late.

2. It is insisted that no offense was established by the proofs. Respondent had just completed the service of a sentence in the jail. Early in the evening of the day of his discharge, he appeared at the entrance door of the jail, in the hall running east and west. The jail proper was on the north side of this hall, and the living rooms of the jailer were on the south side. There was another entrance to the jail on the west, which opened into a yard with a high board fence around it. The evidence on the part of the people showed that respondent requested one Frank Ormsbee to accompany him to the jail, and play for the inmates on an instrument called a "mouth organ." Ormsbee went, and, while he was playing, respondent

was talking with the prisoner whom, it is claimed, he was trying to assist in escaping. After talking with him a few moments, respondent went into the residence portion of the jail, and returned with a bunch of keys, with which he tried to open the jail door. The keys could not be passed inside the room where the prisoners were confined, because of a strong wire netting over the bars of the door. A bunch of jail keys disappeared from the jail that day. It contained the keys which opened the west door, but not the south door,—the usual entrance. Respondent was familiar with the residence portion of the jail, and there is evidence from which it may be inferred that he knew where the keys were usually kept. Respondent testified that in a joke he took a key from his pocket, and made a mock attempt to open the door.

The real purpose of respondent was the proper subject of inquiry and determination by the jury. The obtaining of the keys, and bringing them to the door, with the intent to use them himself, or to let others use them, to assist an escape, was a bringing into the jail, within the meaning of the statute. The hall must be considered a part of the jail. The fact that they would not unlock the door is not conclusive that they were not adapted or useful for the purpose intended. The law does not mean that the keys or other tools must be so nicely made as to accomplish the escape with the least possible delay or effort. The law means such tools as, when properly constructed, are adapted or useful for the purpose. If one secures or makes a key which he believes is or may be adapted or useful for the purpose, and conveys it into the jail with the evil design described in the statute, it would be a strange rule which would acquit him because the key would not fit.

I find no error, and the conviction should be affirmed.