### PEOPLE *v.* HANAW.

1. CONSTITUTIONAL LAW—EMBEZZLEMENT—SUFFICIENCY OF INFORMATION.

2 How. Stat. § 9421, providing that, under an information charging the embezzlement of money only, a conviction may be had for the embezzlement of any check, draft, bill of exchange, etc., does not violate the constitutional right of the respondent to be informed of the nature of the accusation against him, since he may in such case have the charge made certain by examination or by bill of particulars.

2. EMBEZZLEMENT—AMENDMENT OF INFORMATION.

An information for embezzlement under 3 How. Stat. § 9176a, alleging that the money embezzled belonged to the complainant, and that it came to the possession of the respondent by virtue of his employment as agent or collector, may be amended by inserting an averment that the money was so received " for the use of " the complainant.

3. SAME—AGENT FOR COLLECTION—RECEIPT OF DRAFT.

An agent for the collection of a claim may be convicted under 3 How. Stat. § 9176a, of embezzling a draft received by him thereon, where he deposits the same on his own account with intent to appropriate the entire proceeds, even though the draft was payable to his order, and he had the right to convert it into cash and take out his commission.

4. SAME.

One who intrusts paper to another for collection on commission has such an interest in a draft received by the latter in payment of the debt as to support a prosecution for its embezzlement,

although, at the time of leaving the paper, he took the agent's receipt to " account for the proceeds when paid."

5. TRIAL—REQUESTS TO CHARGE.

While, within bounds, requests to charge may properly allude to the effect of certain testimony, they should not be argumentative.

Exceptions before judgment from Jackson; Peck, J. Submitted November 22, 1895. Decided December 10, 1895.

Joseph Hanaw was convicted of embezzlement. Conviction affirmed.

*Parkinson & Campbell* and *Smith & Ware*, for appellant.

*Charles A. Blair*, Prosecuting Attorney, for the people.

HOOKER, J. The defendant is charged with embezzlement, and the evidence indicates that complainant indorsed and gave to him for collection, for his use and benefit, a check held by complainant upon a firm in New York. The defendant sent the check to New York, and received a draft payable to his order for a part of the sum, and deposited this draft with his banker, at Jackson, receiving credit for the amount. The complaint and warrant charged the embezzlement against him as "agent, clerk, servant, and collector," and as an embezzlement of a large amount of money, to wit, $398.50, of the value of $398.50, of the goods and chattels then and there belonging to the complainant, and that said goods and chattels then and there came to the possession of the defendant by virtue of his employment, etc. A bill of particulars was filed, stating the facts hereinbefore set forth with regard to the draft. A motion to quash being made, the court permitted an amendment to be made to the information by inserting the words, "For the use of and belonging to the said James A. Follett [the complainant]." A conviction followed, and the defendant has appealed.

The statute under which the proceeding was instituted is section 9176*a*, 3 How. Stat., and is as follows:

"If any officer, agent, clerk, or servant of any incorporated company, foreign or domestic, or if any clerk, agent, or servant of any private person or of any copartnership, except apprentices and other persons under age of sixteen years, or if any attorney at law, collector, or other person who, in any manner, receives or collects money or any other property for the use of and belonging to another, embezzles or fraudulently converts to his own use, or takes and secretes with intent to embezzle and convert to his own use, without the consent of his employer, master, or the owner of the money or goods collected or received, any money or property of another, or which is partly the property of another and partly the property of such officer, agent, clerk, servant, attorney at law, collector, or other person, which has come to his possession or under his care in any manner whatsoever, he shall be deemed to have committed larceny, and, in a prosecution for such crime, it shall be no defense that such officer, agent, clerk, servant, attorney at law, or other person was entitled to a commission out of such money or property, as commission for collecting or receiving the same for and on the behalf of the owner thereof: *Provided,* That it shall be no embezzlement on the part of such agent, clerk, servant, attorney at law, collector, or other person to retain his reasonable collection fee on the collection, or any other valid interest he may have in such money or property."

2 How. Stat. § 9421, provides:

"In any prosecution for the offense of embezzling the money, bank notes, checks, bills of exchange, or other securities for money of any person, by a clerk, agent, or servant of such person, it shall be sufficient to allege generally in the indictment an embezzlement of money to a certain amount, without specifying any particulars of such embezzlement, and on the trial evidence may be given of any such embezzlement committed within six months next after the time stated in the indictment; and it shall be sufficient to maintain the charge in the indictment, and shall not be deemed a variance, if it shall be proved that any money, bank note, check, draft, bill of

exchange, or other security for money of such person, of whatever amount, was fraudulently embezzled by such clerk, agent, or servant within the said period of six months."

It is said that this last-mentioned statute is unconstitutional, for the reason that it does not, in a case like this, apprise a defendant of the charge against him. We are cited to the case of *Brown* v. *People*, 29 Mich. 237, where, under a similar statute pertaining to larceny (2 How. Stat. § 9541), Mr. Justice CHRISTIANCY held that the statute was valid when the charge was larceny of coin or bank notes, but expressed strong doubts of its validity as to promissory notes or bills of exchange generally, the same not being used and recognized as money in the community. He added: "It is unnecessary here to determine this question." In *Com.* v. *Smith*, 129 Mass. 110, a similar statute was said to permit proof of a bank check to sustain an indictment for the embezzlement of money. It should be said, however, that the constitutional question was not raised. We think that it is within the power of the legislature to prescribe the form of indictments, keeping in view the constitutional right asserted in this case; and where, as in embezzlement, a defendant has a right to have the charge made certain by examination or by bill of particulars, it cannot be said that he is not informed of the nature of the charge. See *People* v. *McKinney*, 10 Mich. 92; *Rex* v. *Hodgson*, 3 Car. & P. 422. If this is permitting a bill of particulars to take the place of a substantial averment in the indictment, it is by legislative sanction, under circumstances which do not deprive the defendant of the information guaranteed by the Constitution.

We will next consider the question of amendment. It is true, as contended, that a statutory offense must be so charged as to include all its elements, and the cases cited that require an information for the statutory breaking of a store in the night-time to allege that it was "not

occupied with nor adjoining to a dwelling" sustain the proposition; and it is also settled that a charge of one offense cannot be substituted for another by amendment. See *People* v. *Handley*, 93 Mich. 46, and *People* v. *Rathbun*, 105 Mich. 699. But there is a radical difference between doing this and supplying omissions in an information. It is plain that the pleader sought to charge embezzlement in the first information, which followed the warrant. The words "for the use of" were omitted, but there is no other inference to be drawn from these papers than that the property was so received. It is alleged to have belonged to the complainant, and it is said to have been received by the defendant by virtue of his employment as agent or collector. It follows, as a legal proposition, that it was received for the principal's use, and an amendment was proper.

Again, it is urged that the draft came lawfully into the possession of the defendant; that he had a right to cash it, inasmuch as a portion of the proceeds was his own; and that, inasmuch as this is true, embezzlement cannot be predicated upon the deposit of the draft. It is true that the defendant had a right to convert the draft into money, and take his commission, and pay the remainder to his principal, but this is not what he did. He converted into money or its equivalent, and did not pay his principal. He had no right to sell the draft with this unlawful design to misappropriate, and the law will not separate the act of sale from the intent to convert, but will say that with such an intent he had no right to sell the draft. The parties had a joint interest in this draft, and the statute is expressly aimed at the misappropriation of the principal's share in such cases. In the case of *Com.* v. *Smith*, 129 Mass. 110, it is said:

"The fact that the defendant received for the goods of his employers a check payable to his own order did not vest in him the title to the check or its avails. The relation of debtor and creditor did not exist, and the specific

proceeds of the sales, whether in cash or in checks payable to their agent's order, belonged to his employers, and were held in trust for them. * * * The transaction is the same whether the defendant received the price of the goods sold in bank bills from the hand of the purchaser, or in a check, upon which he received the money or a credit at the bank."

It is said that, as collector, he had a right to mingle the money received with his own at the bank, and a subsequent conversion would not make him guilty. The circuit court so held. Evidence of his subsequent denials was not admitted as proof of embezzlement at a later date, but as showing a design to appropriate at the time of the deposit.

We cannot accede to the proposition that Follett "had no right, title, or interest" in this draft merely because he took defendant's receipt to account for the proceeds of the check left for collection. On the contrary, his title was qualified only by defendant's right to earn and obtain his commission. If he was justified in receiving a draft, it was Follett's draft as much as his. See *In re Johnson*, 103 Mich. 114, and cases cited.

The evidence discloses that orders from the complainant were accepted and paid by the defendant to a greater or less amount. It is urged that this entitled the defendant to an acquittal, or, at least, to the submission to the jury of certain requests as to the effect of such evidence. On the other hand, it is contended that such payments were made as a matter of prudence, to prevent the holders from becoming interested in an investigation of the transaction. This was therefore a proper question for the jury.

We have examined the points raised upon the requests and charge, and think that the defendant has no cause for complaint. The points made by the requests were covered by the charge. Requests should not be made a means of reaching the jury by way of argument, with the added force of the court's approval, though, within

bounds, it may be proper to allude to the effect of certain testimony.

The conviction is affirmed.

The other Justices concurred.