State *vs.* Jacob I. Davis and Alfred W. Quigg.

JUNE 8, 1916.

Present: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1) *Criminal Law. Embezzlement. Constitutional Law.*

Gen. Laws, cap. 345, § 18, in providing that in prosecutions for embezzlement, it shall be sufficient to allege generally in the indictment an embezzlement, of money to a certain amount, without specifying any particulars, and that on the trial evidence may be given of any such embezzlement committed within six months next after the time stated in the indictment,

and that it shall be sufficient to maintain the charge, to prove that any money, etc., of whatever amount was fraudulently embezzled, within said period of six months, is not obnoxious to Cons. R. I., Art. I, § 10, in that a defendant is not informed of the nature and cause of the accusation against him, and has no statutory means to demand as of right to be informed by bill of particulars or otherwise, nor is said section in violation of the "law of the land" clause of said Section 10, nor of the "due process of law" clause of Cons. U. S., Art. XIV of amendments, Section 1.   Nor is the question affected by the fact that Cons. R. I., Art. 1, § 7, provides that "no person shall be held to answer for a capital or other infamous crime unless on presentment or indictment by a grand jury."

*(2)   Criminal Pleading.   Embezzlement.   Constitutional Law.*

The constitution of this State requires no greater certainty in criminal plead-ing than the common law and perhaps less.   Under Art. I, § 10, a defendant has the right "to be informed of the nature and cause of the accusation," but the technical precision of the common law rule is not exacted.

*(3)   Criminal Law.   Embezzlement.   Constitutional Law.*

An indictment for embezzlement charging the offence with the same degree of particularity as is required in the common law crime of larceny does not violate the constitutional right of the accused "to be informed of the nature and cause of the accusation" because it does not in fact give the defendant notice of the day on which the offence was actually committed.

*(4)   Criminal Pleading.   Embezzlement.   Constitutional Law.*

In an indictment for embezzlement under Gen. Laws, cap. 345, § 18, the chief modification authorized is founded on the provision that the crime may be alleged "without specifying any particulars of such embezzlement;" no change is expressly made as to the mode of alleging the time of com-mitting the offence and the State, if it intends to prove a single act, may do so on any date before the finding of the indictment, but as an accused may be convicted under such an indictment for the total amount embezzled during the six months next after the time stated in the indictment, as one offence, he is entitled to be informed by bill of particulars or other specification whether the State will attempt to prove as the offence a single act or a series of takings.   If a series of acts is specified the statute fixes the time within which proof of the offence may be offered, in this way having the same effect that the naming by a bill of particulars of the day of the commission of the crime has, when a single act is intended to be shown.   Hence, so far as the allegation of time is concerned, a defendant is not, on an indictment under Chapter 345, § 18, deprived of any constitutional right to be informed of the nature and cause of the accusation against him which he would have had under the older form of indictment.

*(5)   Criminal Law.   Bills of Particulars.*

The object of a bill of particulars where the offence is charged in general terms is to give information which will be of service to the accused in pre-paring for trial, but it does not supply defects in the indictment.   Such a bill of particulars may be ordered by the court by virtue of its general

authority to regulate trials. The application is unless otherwise provided by statute, addressed to the judicial discretion and the court's decision is not generally reviewable.

*Semble:* That Gen. Laws, cap. 298, §§ 16 and 17, may provide a method of review by exception in case of abuse of judicial discretion in acting upon an application for a bill of particulars.

(6) *Indictment. Former Jeopardy.*

An indictment for embezzlement under Gen. Laws, cap. 345, § 18, which sets out the fiduciary relation between the defendant and the employer; that the property came into possession of defendant by virtue of his employment; that it belonged to the employer and defendant feloniously embezzled it without the consent of the employer; the value of the property; the place of embezzlement and the time, furnishes a sufficient foundation for a plea in bar of former jeopardy.

INDICTMENT. Heard on motion to quash, certified under Gen. Laws, cap. 298, § 1.

BAKER, J. These are ten indictments for embezzlement against Jacob Irving Davis as principal and Alfred W. Quigg as accessory before the fact. They have already been before this court for the determination of certain questions raised by motions of the defendant Quigg to dismiss the indictments which questions were certified to this court under the provisions of Section 5 of Chapter 298 of the General Laws. The answers to these questions appear in the opinion of this court as reported in 37 R. I. 373–392.

After the papers in the cases were sent back to the Superior Court for further proceedings, the defendant Quigg then filed in each case a motion to quash the indictment as to him on the ground that Section 18 of Chapter 345 of the General Laws, under which all the indictments are drawn, is unconstitutional and void as being in violation of Article I, Section 10 of the Constitution of Rhode Island and of Section 1 of Article XIV of the Amendments to the Constitution of the United States.

"In this that—

"FIRST: Said statute authorizes the finding of the present indictment against the defendant in such general terms that it does not inform this defendant of the offence

for which he is to be tried and said statute does not provide any method by which this defendant can demand as a matter of right to be informed of the nature and cause of the accusation against him in said indictment.

"SECOND: Because said statute authorizes the finding of the present indictment against this defendant in such general terms that it does not inform him of the nature or cause of the accusation against him without provision being made in said statute or in any other statute that the defendant may as a matter of right demand such information by bill of particulars, or compulsory process, or otherwise.

"THIRD: Because an act of the court in forcing this defendant to proceed to trial upon this indictment before he is properly informed of the criminal act or acts for which he is to be tried thereunder is an act in violation of due process of law and against the law of the land and void."

Under the provisions of Section 1 of Chapter 298 of the General Laws, these questions have been certified to this court.

While the second ground by use of the words "without provision" following and in connection with a negative statement seems to be obscurely expressed, we assume that by omitting the words from "without" to "other statute," both inclusive, and inserting in place thereof the words "and neither it nor any other statute makes provision," we would have an expression of what is intended, and we so interpret the meaning of the "second" ground.

These grounds seem to involve these points, namely, that Section 18 of Chapter 345 of the General Laws violates Section 10 of Article I of our State Constitution in that (1) the defendant is not "informed of the nature and cause of the accusation" against him by the indictments drawn in accordance with said Section 18; (2) that there is no statutory provision by which he may as a matter of right demand to be so informed by bill of particulars or otherwise; and (3) that it is a violation of the "law of the land" clause of said Section 10 and also of the "due process of law" clause of

Section 1 of Article XIV of Amendments to the Constitution of the United States. They have reference only to the portion of the indictments charging the crime against the principal in so far as that is an essential part of the indictments against him as accessory. Section 18 of Chapter 345 of the General Laws is quoted in full in *State* v. *Davis and Quigg*, 37 R. I. 373, and so much of the indictment as charges Quigg as an accessory is there given. That part of the indictment which charges Jacob Irving Davis with embezzlement in C. Q., No. 462, is as follows: "That Jacob Irving Davis, of Providence, in said County of Providence, on the second day of November in the year of our Lord one thousand nine hundred and seven, with force and arms, at Providence, in the aforesaid County of Providence, being then and there the officer, clerk and agent of The Grand Lodge of the Ancient Order of United Workmen of Rhode Island, a corporation duly chartered and organized under the laws of the State of Rhode Island, did then and there, by virtue of his said employment, have, receive, and take into his possession, money to a large amount, to wit, to the amount of four thousand dollars, and of the value of four thousand dollars, of the property and money of the said The Grand Lodge of the Ancient Order of United Workmen of Rhode Island, a corporation as aforesaid, the said Jacob Irving Davis' employer, and the said Jacob Irving Davis the said money, then and there feloniously did embezzle and fraudulently convert to his own use, without the consent of the said The Grand Lodge of the Ancient Order of United Workmen of Rhode Island, a corporation as aforesaid, the said Jacob Irving Davis' employer, whereby and by force of the statute in such case made and provided, the said Jacob Irving Davis is deemed guilty of larceny, and so the jurors aforesaid, upon their oaths aforesaid do say that the said Jacob Irving Davis, then and there in manner and form aforesaid, the said money of the property and money of the said The Grand Lodge of the Ancient Order of the United Workmen of Rhode Island, a corporation as aforesaid, the

said Jacob Irving Davis' said employer, from the said The Grand Lodge of the Ancient Order of United Workmen of Rhode Island, a corporation as aforesaid, feloniously did steal, take and carry away; . . . against the form of the statute in such case made and provided and against the peace and dignity of the State." The other nine indictments are the same except as to the date.

Taking up the point relating to the information to be given as to the nature and cause of the accusation, the common law required that all the elements of, or facts necessary to, the crime charged should be fully and clearly set out in the indictment. In Bishop's New Criminal Procedure, Vol. 1, § 325, 2, the rule as to the certainty required in an indictment is thus stated: "It is that every fact in law essential to the punishment shall be plainly and directly stated in terms sufficiently minute and technical to identify the offence and the offender, disclosing *prima facie* guilt, but not necessarily anticipating any defence."

Our constitution requires no greater certainty in criminal pleading than the common law, and perhaps less. In *State v. Murphy*, 15 R. I. 543, 546, in considering the constitutionality of Section 15 of Chapter 596 of the Public Laws, passed May 27, 1886, regulating the sale of intoxicating liquors, DURFEE, C. J., in speaking for the court said: "The (2) Constitution, Art. I, § 10, declares that in all criminal prosecutions the accused shall enjoy the right 'to be informed of the nature and cause of the accusation.' Section 15 violates this provision if the complaint which it sanctions fails to inform the accused of 'the nature and cause of the accusation,' but not otherwise. The technical precision of the common law rule is not exacted."

What are the essential elements of the crime of embezzlement ? In Roscoe's Criminal Evidence, 439, referring to a prosecution for embezzlement under Section 48 of Chapter 29 of 7 and 8 George IV (cited in *State v. Davis and Quigg, supra,* 385 as the prototype of our said Section 18) the author says "the prosecutor must prove 1st, that the prisoner

was a clerk or servant, or a person employed for the purpose or in the capacity of a clerk or servant, and that by virtue of such employment he received the money, etc.; 2d, that he received or took into his possession some chattel, money, or valuable security for or on account of his master; and 3d that he fraudulently embezzled the same, or some part thereof." It is obvious on inspection that all of these things necessary to be proved are clearly alleged in each indictment, namely, the fiduciary relation existing between Davis and the corporation employing him; that the property came into the possession of Davis by virtue of his said employment, that the property belonged to the employer of Davis and that Davis feloniously embezzled and fraudulently converted said property to his own use without the consent of the owner, his employer. Each indictment also states the value of the property embezzled and the place of embezzlement, thus showing that the crime is being prosecuted in the court having jurisdiction thereof, and in the proper county. Each indictment also alleges the time at which the offence was committed. Nevertheless, while a date must be named for the commission of the offence, yet when the time is not material, as it is not in most common law offences, the rule is that it need not be proved as laid, but some date before the finding of the indictment must be shown, and one within the period of the Statute of Limitations for finding the same, if such statute there be. 22 Cyc. 446; Bish. New Crim. Proc., Vol. I, § 400; Wharton's Crim. Pl. & Pr., § 120; Rosc. Crim. Ev. 110. This rule of pleading applies to the statutory crime of embezzlement. *State* v. *Cushing*, 11 R. I. 313, 316. Under this rule of criminal pleading, recognized and established by the common law, a defendant might urge as is done in the present cases that the indictment did not individualize or identify the offence charged against him, in that it did not actually inform him of the date of its commission. But inasmuch as such indictments are not bad for uncertainty at common law, and inasmuch as the constitutional provision as to

informing the accused of the "nature and cause of the accusation" does not exact "the technical precision of the common law," it is obvious that an indictment for embezzlement charging the offence with the same degree of particularity as is required in the common law crime of larceny would not violate the constitutional right of the accused (3) "to be informed of the nature and cause of the accusation," because it did not in fact give him notice of the day on which the offence was actually committed. If, therefor, the present indictments violate such right it must be because they are drawn in the modified form authorized by Section 18 of Chapter 345. The chief modification authorized in the form of the indictment is founded on the provision that the crime may be alleged "without specifying any particulars of such embezzlement." No change is expressly made as to the mode of alleging the time of committing the offence. As was the fact before the enactment of what is now said Section 18, the State, if it intends to prove a single act of embezzlement, may do so on any date before the finding of the indictment. *State* v. *Cushing, supra* Section 18, however, provided that under such an indictment evidence may be given of any embezzlement "committed within six months next after the time stated in the indictment," which provision this court has interpreted in *State* v. *Davis and Quigg, supra,* to mean that an accused may be convicted under such indictment for the total amount shown to be embezzled during said six months as constituting one offence. We think the accused is entitled to be informed by a bill of particulars or other specification whether the prosecution will attempt to prove as the offence charged a single act or a series of takings. *State* v. *Cushing, supra,* 316; *State* v. *Davis and Quigg, supra,* 382. If a series of acts is thus specified, then the statute itself fixes the time within (4) which proof of the substantive offence may be offered, in this way having the same effect that the naming by a bill of particulars of the day of the commission of the crime has when a single act is intended to be shown. On principle,

therefore, we do not see, so far as the allegation of time is concerned, that the defendant has under these indictments been deprived of any constitutional right "to be informed of the nature and cause of the accusation" against him, which he would have had under the older form of indictment for embezzlement.

Has such constitutional right been violated by the provision of Section 18, first, in dispensing with the specifying of the particulars of the embezzlement and, second, by permitting at the trial of the giving of evidence of "any such embezzlement" committed within six months next after the time stated in the indictment?" In most of the states having statutes practically identical with Section 18, the courts have held indictments for embezzlements drawn under them to apply only to a series of acts in the period of six months dealt with as constituting a single offence. Thus interpreted the constitutionality of these statutes in reference to provisions of their State Constitution, identical or similar to that of our own now considered, has been passed upon in several cases.

*Com.* v. *Bennett,* 118 Mass. 443, 452, was a case of embezzlement. The statute dispensed with the "specifying any particulars of such embezzlement." As to the allegation in the indictment the court said: "Nor is it open to the objection that the offence is not set forth 'fully and plainly, substantially and formally,' as required by the Declaration of Rights, Art. 12. The defendant, if he had desired, could have applied for a specification of the particular acts relied on by the government. . . . Such an application might have been made at the trial and granted by the court if in its discretion the circumstances of the case required it."

In *Thalheim* v. *The State of Florida,* 38 Fla. 169, 178, the court said: "The portion of the statute relevant to the present case and present question thereof would read as follows: 'It shall be sufficient to allege generally in the indictment the embezzlement . . . of money to a certain amount without specifying any particulars of such embezzlement.' Upon a motion to quash upon this point,

the indictment under the statute should be sustained. Although this indictment upon the face of it does not appraise the defendant of the specific acts which constitute the charge the State prefers against him, and although he may be ignorant of what specific transactions will be offered in proof to sustain the charge, yet it is held by the courts that such indictments do not infringe upon constitutional guaranties like that contained in the 11th section of our Bill of Rights, that 'in all criminal prosecutions the accused shall have the right . . . to demand the nature and cause of the accusation against him.'"

In *State* v. *Holmes*, 65 Minn. 230, which was an indictment for embezzlement the court in referring to the evidence permissible under the act on page 234 says: "We think its manifest meaning is to allow, as proof of the substantive offence, evidence of all acts of embezzlement from the same employer committed within the six months next after the time stated, and the conviction of the defendant of the embezzlement of the whole amount. . . . Such a construction will fully effectuate the purpose of the statute, while it neither works any injustice to the defendant nor impairs his constitutional right 'to be informed of the nature and cause of the accusation' against him." (Const. Art. I, § 6.) In *People* v. *Hanaw*, 107 Mich. 337, which was an information for embezzlement, it was urged that the statute was unconstitutional, for the reason that the case under it did not apprise the defendant of the charge against him, the objection apparently being to the description of the property taken. It was held that the defendant was not deprived of the information guaranteed by the constitution as he might have a bill of particulars. The constitutional provision was that "the accused shall have the right . . . to be. informed of the nature of the accusation." This was apparently a prosecution for a single act of embezzlement. While these and similar statutes have long been in force in several states, in five of them for periods ranging from fifty to eighty years, no case is brought to our attention in

which they have been held to violate a constitutional provision similar to the one now considered. This fact is not entirely without significance. We are of the opinion, therefore, that on both principle and authority the first point is not well taken, and that on the contrary, the defendant is informed by the indictment of the nature and cause of the accusation against him.

*State* v. *Bacon,* 27 R. I. 252; *State* v. *Smith,* 29 R. I. 245, and *State* v. *Smith,* 29 R. I. 513, are other cases illustrating the manner in which the constitutional provision as to the right to be informed of "the nature and cause of the accusation" has been considered and construed, although not precisely in point. Although this conclusion as to the first point disposes of the chief contention of the defendant, we will consider the other questions raised.

The second point is that there is no statutory provision by which as a matter of right an accused may demand a bill of particulars.

(5) The object of a bill of particulars, in cases where the offence is charged in general terms, is to give information which will be of service to the accused in preparing for trial. But it is uniformly held that they do not supply defects in indictments. Some of the offences in which bills of particulars have been ordered are conspiracy, embezzlement, liquor selling, adultery, nuisance, criminal libel, barratry and common scold. See *State* v. *Tracey,* 12 R. I. 216, 217; *State* v. *Russell,* 14 R. I. 506; Bishop's New Criminal Procedure, Vol. II, §§ 643–646, and cases cited. In said Section 643, it is said: "An indictment which the court cannot pronounce ill may still omit details to which the defendant is justly entitled before trial. Thereupon the judge, if applied to, orders a written specification of things, called sometimes and perhaps generally a bill of the particulars." In Wharton's Criminal Pleading and Practice, Section 702, it is thus stated: "Wherever the indictment is so general as to give the defendant inadequate notice of the charge he is expected to meet, the court, on his application, will require

the prosecution to furnish him with a bill of particulars of the specific charge to be pressed, or the evidence to be relied on. That indictments may be thus general, and yet in entire conformity with precedent, has been heretofore abundantly shown." It is stated by CLARK, C. J., in his concurring opinion in *State* v. *Van Pelt*, 136 N. C. 633, 672, as to the purpose of such bills, "They are for the benefit of defendants desiring information as to evidential matters which are not required to be set out in an indictment or complaint. . . . No good pleading ever requires matters of evidence to be set out, and this is simply a benevolent practice recognized by all courts, and our statute as well, to furnish the defendants information, if applied for, to assist in preparing the defence." In *Com.* v. *Giles*, 1 Gray, 466, 469, the court says: "It is now a general rule, perfectly well established, that in all legal proceedings, civil and criminal, bills of particulars, or specifications of fact may and will be ordered by the court whenever it is satisfied that there is danger that otherwise a party may be deprived of his rights or that justice cannot be done." A court may do this by virtue of its general authority, to regulate trials. *Com.* v. *Snelling*, 15 Pick. 321, 331. See, also, *Com.* v. *Wood*, 4 Gray, 11, 13; *Thalheim* v. *The People, supra; People* v. *McKinney*, 10 Mich. 54, 92. All of these cases, as well as the English cases of *Rex* v. *Hodgson*, 3 Car. & P. 422, and *Rex* v. *Bootyman*, 5 Car. & P. 300, recognize the inherent power of courts to order bills of particulars. The duty of a court in acting on a motion for such a bill in a case like the present one is stated thus in *People* v. *McKinney, supra*, 92. "Doubtless a general indictment for embezzlement is a very proper case for enforcing a call for such particulars. . . . The order should never be refused where the court can see any reason to believe such particulars necessary to inform the defendant of the particular transactions, or instances of embezzlement, intended to be proved against him, so as to enable him to meet them."

The application for a bill of particulars is unless otherwise provided by statute addressed to the judicial discretion, and

the court's decision is not generally reviewable by a higher tribunal. Bishop, *supra*, Section 643; Wharton, *supra*, Section 705. In referring to the subject of judicial discretion in general it is stated in 12 Cyc. 896: "In the absence of a clear abuse of discretion to the prejudice of the appellant, matters purely within the discretion of the trial court are not reviewable." And on the same page under "Indictment and Pleas" it is further stated as follows: "In applying the rule just stated the action of the trial court in passing upon the sufficiency of a complaint with respect to the description of the offence . . . in granting or refusing to grant a bill of particulars, . . . being matters wholly within the discretion of the court," is "not reviewable unless clearly erroneous and prejudicial to defendant." In *State* v. *Hill*, 13 R. I. 314, 315 (1881) the court said a motion for a bill of particulars "is addressed to the discretion of the court and the decision of the court on it is not revisable for error on a bill of exceptions." See, also, *State* v. *Nagle*, 14 R. I. 331, 333 (1884). Without attempting to definitely decide a question not before us, we suggest that Sections 16 and 17 of Chapter 298 of the General Laws now seem to provide a method of review by exception in case of an abuse of judicial discretion.

It is to be observed that when the above-cited cases from Massachusetts, Michigan, Minnesota and Florida were decided in favor of the constitutionality of statutes similar to our own for the prosecution of embezzlement under constitutional provisions, identical or very like our own, there was no statute in any of those states requiring a court to grant motions for bills of particulars. The situation in that respect was the same as that now existing here. Language is used in *People* v. *Hanaw*, *supra*, 340, which might seem to imply the contrary. But the case itself cites no such statute, the defendant cites none and upon careful search we have not found any. The language referred to, therefore, must be otherwise interpreted. It seems to refer to the simplification in the form of the indictment permitted by statute. In none of those cases does the absence of such a statute appear to

have been considered as in any manner depriving an accused of an existing constitutional right. We do not think it does in the present cases. It is, of course, within legislative power to provide for a limiting of the judicial discretion of a trial court by providing for the review by a higher tribunal of its acts in the regulating of trials. Massachusetts seems to have done something of this kind in the act passed in 1899 providing that bills of particulars *shall* be ordered by the court in certain circumstances. See Section 39 of Chap. 218, R. L. Mass. 1902. But the passage of this act does not in any way weaken or affect the decision in *Com.* v. *Bennett,* *supra,* which has not to our knowledge been overruled or questioned.

But because our constitution in Section 7 of Art. I provides that "No person shall be held to answer for a capital or other infamous crime unless on presentment or indictment by a grand jury," and the constitutions of certain other states contain no similar provision, counsel for the defendant seem to regard the fact of this difference as having some bearing upon the determination of the question now before us. We do not think so. Bills of particulars have been ordered by courts under both forms of constitution, and under either form we think a legislature has the power to require them to be given. But if the absence of a constitutional provision like Section 7, *supra,* may have the effect of enlarging the legislative power in prescribing the manner in which a person shall be informed of the "nature and cause of the accusation" against him, for example, as to simplifying forms of indictments and enlarging the amount of information to be given by bills of particulars, questions may arise in consequence, which it is not our province to consider or decide. They are matters for the consideration of the courts of the states in which they arise.

The defendant's counsel seem also in a way to treat a bill of particulars as in effect an amendment of the indictment in matter of substance. Of course an indictment could thus be amended only by the grand jury which returned it or with

the consent of the accused under Section 4 of Chapter 354 of the General Laws. *State* v. *McCarthy*, 17 R. I. 370. But as already indicated a bill of particulars is not an amendment of an indictment nor does it supply a defect therein.

(6)    One other point may be considered on this question of charging the offence with certainty. One requirement is that the offence must be alleged in such form that the record of acquittal or conviction may be a good bar in case of a later indictment for the same offence. This requirement carries with it the right to have the indictment so framed that it can be made the foundation of the plea in bar. But as stated in Bishop's New Criminal Procedure, Vol. II, Section 544, "It is not the law that the first indictment shall be so distinct and minute as to constitute, without oral proof, a bar to a second. The identity of the two accusations must be shown by parol." See, also, same volume of Bishop, Sections 814 and 815 as to the essentials of such a plea and Section 816 as to what is necessary to be proved thereunder. Under the provisions of Section 3 of Chapter 278 of the General Laws requiring an official stenographic report of the proceedings of a criminal trial it becomes easy to ascertain with precision of what the accused was acquitted or convicted. In the present cases, as already stated, the indictments set out the essential elements of the crime of embezzlement, and thus furnish a sufficient foundation for a plea in bar of former jeopardy.

There remains for consideration the question of whether Section 18 of Chapter 345 and the indictments drawn thereunder are violations of that portion of Section 10 of Article I of our State Constitution which provides that an accused shall not "be deprived of life, liberty or property, unless by . . . the law of the land" and of that portion of Section 1 of Article XIV of the Amendments to the Constitution of the United States providing "nor shall any state deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the law." The two expressions, "the law of the land" and "due process of law" are held to have the

same meaning. *State* v. *Beswick,* 13 R. I. 211, 218. The court there adopts with approval this definition: "Due process of law undoubtedly means in the due course of legal proceedings according to those rules and forms which have been established for the protection of private rights," and it goes on to say, "The effect in criminal prosecutions is to secure to the accused, before condemnation, a judicial trial, if not strictly in all points according to the common law, at least not in violation of those fundamental rules and principles which have been established at common law for the protection of the subject or the citizen." See, also, *Carr* v. *Brown,* 20 R. I. 215, 218. The rule involved here is the right to be informed of the "nature and cause of the accusation." As we have found that this rule or provision is not violated in the present cases, it follows that there is no violation of the constitutional safeguards afforded by "the law of the land" and "due process of law." These conclusions, we think, render unnecessary any special consideration of the "third" ground stated in the motion to quash. A great many cases have been cited in the briefs for the defendant which we have examined with care, but which we have not deemed it necessary to particularly discuss in considering the questions before us.

We therefore decide that Section 18 of Chapter 345 of the General Laws and the ten indictments now before us drawn thereunder are not in violation of Section 10 of Article I of the Constitution of Rhode Island, or of Section 1 of Article XIV of the Amendments to the Constitution of the United States in the manner and on the grounds as stated in the motions to quash said indictments.

The papers in the ten cases will be sent back to the Superior Court for the counties of Providence and Bristol, with our decision certified thereon, for further proceedings.

*Antonio A. Capotosto, 2nd Asst. Atty. Gen.,* for State.

*Philip S. Knauer, Joseph J. Cunningham, John J. Fitzgerald,* for defendant Quigg.

*Walter J. Ladd,* of counsel.