NATIONAL SEWER PIPE COMPANY, Appellee, v. SMITH-JAYCOX LUMBER COMPANY, Appellant.

CORPORATIONS:  Capital Stock, Etc.—Retirement by Purchase of
1  Goods—Enforceability.  A provision in certificates of stock (transferable only by holder, and on the books of the corporation) to the effect that the holder thereof may employ the stock in payment of the products of the issuing corporation, may not be enforced by a partnership of which the holder is a member, even though, to the knowledge of the corporation, the stock was purchased with partnership funds, and issued to the individual member of the partnership as a matter of convenience.

PARTNERSHIP:  The Firm, Powers and Property—Distinct Entities.
2  A partnership is an entity, separate and distinct from the individual members thereof, and contract relations with the *individual* members, as such, create no privity of contract between the one so contracting and the partnership.

*Appeal from Hamilton Distrct Court.*—E. M. MCCALL, 

Judge.

MARCH 12, 1918.

ACTION on account for flue lining and tile purchased by

defendant of plaintiff. The jury, by direction of the court, returned a verdict in favor of the plaintiff for the amount claimed. Defendant appeals.—*Affirmed.*

D. C. *Chase*, for appellant.

*Wesley Martin* and O. J. *Henderson*, for appellee.

1. CORPORATIONS: capital stock etc.: retirement by purchase of goods: enforceability.

STEVENS, J.—Plaintiff is a corporation organized under the laws of Iowa, and doing business at Webster City in this state, and the defendant is a copartnership, composed of Benjamin Jaycox and F. A. Smith, doing business at Blairsburg, Iowa. This action is on account for products of plaintiff corporation purchased of it by defendant in 1914. Defendant admits that it purchased the items of merchandise set out in plaintiff's petition, and avers that, on June 30, 1912, and on May 6, 1913, plaintiff issued certain certificates of the preferred stock of plaintiff corporation, of the par value of $100 each, to Benjamin Jaycox, which contained the following provision:

"After January 1, 1914, each holder of the preferred stock at his option may retire the same at 33⅓% per annum in the products of the company at current prices."

Defendant further alleged that, at the time of the purchase of said merchandise, Jaycox stated to the secretary of plaintiff company that he desired to pay therefor with the certificates of stock held by him; that, prior to the commencement of this suit, he tendered said stock to the plaintiff's secretary in an amount sufficient to pay the account, but avers that the tender was declined by him. Defendant further alleged that said stock was purchased with the funds of defendant, and taken in the name of Benjamin Jaycox for convenience only, all of which was, at the time, well known to the officers of plaintiff.

At the time of the transactions above referred to, Benjamin Jaycox was in full management and control of

the defendant company, which was engaged in the business of buying and selling lumber, drain tile, and other merchandise. All of the transactions in question were conducted on behalf of the defendant by Mr. Jaycox.

I. It will be observed from the foregoing statement that the four shares of preferred stock were issued by plaintiff to, and held in the name of, Benjamin Jaycox. The evidence showed, however, that same was purchased with the funds of defendant, and carried as assets of the company on its books. The certificates of stock, in addition to the provision above quoted, also provided that same was transferable on the books of the company by the holder thereof, in person or by his authorized attorney, in writing, and upon the surrender of said certificates, properly endorsed. The stock in question had not been transferred to the defendant company, and Benjamin Jaycox appeared on the books of plaintiff as the holder thereof. It is the claim of counsel for defendant that, as the stock was purchased with the funds of defendant, with the knowledge of plaintiff, and for defendant's use and benefit, and taken in the name of Benjamin Jaycox only as a matter of convenience, the defendant is, in reality, the holder thereof, and that plaintiff was bound to receive the same, in accordance with the provision above quoted, in payment of said account.

In a controversy between Benjamin Jaycox and the defendant company involving the ownership or right to the proceeds of said stock, it would, of course, be competent to show that same was purchased with the funds of the company, and taken in the name of Jaycox as a matter of convenience only, and that he held the same in trust for the company; but the controversy here is between the plaintiff corporation and the defendant company, which is not the holder of the stock. The defendant copartnership, although its assets may largely belong to Benjamin Jaycox and its

2. PARTNERSHIP: the firm, powers and property: distinct entities.

affairs be managed exclusively by him, is, nevertheless, a separate entity, and is sued as such herein. That a co-partnership ·is a separate entity, and that a judgment against it cannot be levied upon the individual property of its members, see the following authorities: *National City Bank of Chicago v. Fairbank State Bank*, 173 Iowa 489; *Mudge v. Railway Mail Eq. Co.*, 167 Iowa 656; *Capital Food Co. v. Globe Coal Co.*, 142 Iowa 134; *Lansing v. Bever Land Co.*, 158 Iowa 693.

The option to the holder of said stock to surrender the same in payment for the products of the plaintiff company at current prices, at the rate of 33⅓% thereof per annum. is, by the express terms of the certificates of stock, given to the holder thereof. The holder in this case is Benjamin Jaycox. The purchaser of the merchandise in question was the Smith-Jaycox Lumber Company. We perceive no theory upon which the defendant company, which is not the holder of the shares of stock in question, could avail itself of the privilege therein extended to the holder, even though he be a member of said copartnership. In the absence of agree-ment to the contrary, a creditor cannot be compelled to receive anything but money in payment of indebtedness due him. 3 Elliott on Contracts, Sections 1925, 1926, 1927.

There was no contractual relation between plaintiff and the defendant as to said shares of stock, and plaintiff at no time appears to have agreed to accept same in payment of the account of defendant company. It is alleged in defend-ant's answer that Benjamin Jaycox, at the time of the pur-chase of said merchandise, arranged with the representative of plaintiff to pay therefor with said stock; but, upon examination of the abstract, we find that the evidence relied upon by defendant upon this point was either excluded on objection, or stricken on motion of. counsel for plaintiff. It is unnecessary to discuss other questions argued by coun-

sel. For the reasons indicated, the judgment of the lower court must be, and is,—*Affirmed.*

PRESTON, C. J., EVANS and GAYNOR, JJ., concur.