GEORGE H. BROWNING, *Plaintiff in Error*, VS. STATE OF FLORIDA, *Defendant in Error*.

En Banc.

Opinion filed March 4, 1931.

*T. W. Conely, Jr., L. W. Jennings* and *Blackwell, Donnell & Moore,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *H. E. Carter,* Assistant, for the State.

ELLIS, J.—George H. Browning, John E. Taylor and Warner B. Tilton were indicted by the grand jury of Martin County for the offense denounced by Sections 6083, 7959 of the Compiled General Laws of Florida, 1927. Section 6083, *supra,* declares it to be unlawful for any bank organized under the laws of this State and doing business in this State to loan directly or indirectly an amount exceeding ten per cent. of the aggregate capital and surplus of the Bank to any director of the bank or to any co-partnership or corporation in which the director may be interested without consent of the directors of the bank to be entered in the minutes in writing; that no loan shall be made to any director unless the same be first approved by the board of directors of the bank and that whenever the board shall determine by a majority vote to be entered on the minutes of the board that the loans applied for are entirely satis-

factory, that the capital of the bank is unimpaired and the conditions of the bank are otherwise such as to warrant the loan and it can be made without reducing the legal reserve, the limitations provided by the section may be extended in such cases to forty per cent. of the capital and surplus subject to all the other restrictions provided by the law.

Section 7959, *supra,* denounces as a felony the violation of any of the provisions of Section 6083, *supra,* by any banker, officer or director of any bank organized and doing business in this State.

The indictment charged that the Seminole Bank of Stuart, Florida, was a banking corporation organized under the laws of this State and doing business in this State; that Browning, Taylor and Tilton were directors of the Bank on February 22, 1929; that Browning on that date was indebted to the Bank for loans made to him prior thereto by the bank in the sum of $33,800. and on that date Taylor, Tilton and Browning made a further loan to Browning in the sum of $674.24 of the money, funds and credits of the Bank, the property of the Bank, and that the last loan together with the amount Browning was already indebted to the Bank exceeded forty per cent of the aggregate capital and surplus of the Bank which amounted to $55,000.

The indictment was attacked unsuccessfully by a motion to quash. The defendants were placed on trial. The jury returned a verdict of guilty as to Browning and acquitted Taylor and Tilton. A motion in arrest of judgment offered in behalf of Browning was overruled and judgment and sentence entered against him. He seeks reversal of the judgment on writ of error.

It is contended that the indictment is fatally defective because it fails to allege with sufficient clearness that the bank made the loan but on the contrary the indictment

seems to charge that Browning made the loan to himself. The point is presented by the motion to quash and the motion in arrest of judgment.

The indictment is sufficient in its terms to charge that Browning as a director of the Bank procured loans to himself of the bank's funds in excess of forty per cent of the bank's capital and surplus. His act as a member of the Board of Directors in making a loan of the Bank's funds and property was the act of the Bank for which as a Director of the Bank he is liable under the provisions of Section 7959, *supra*. It is a mere play on words to say that he made the loan to himself. He violated the law in accepting a loan from the Bank as a Director when the loans for which he was indebted amounted to more than forty per cent of the Bank's capital and surplus. It is immaterial that he participated in the meeting of the directors when the loan was procured. As a Director of the Bank by procuring and accepting the loan he violated the trust reposed in him as an officer of the Bank and ignored his duty at which the law aims its penalty.

It is idle to talk of a man loaning his own money to himself. His offense consisted in procuring from the Bank a loan of its funds to himself in the amount charged while occupying the position of trust as a Bank Director.

A corporation can act only through its officers and agents, therefore when he as a Director obtained the loan he violated the provisions of Section 7959, *supra,* in that in his capacity as Director he caused the Bank to violate the provisions of Section 6083, *supra.*

It is impossible for one not an officer of the Bank, to lend the Bank's funds within the meaning of the Statute prohibiting a Bank from loaning its funds to an officer beyond a certain percentage of its capital. We do not agree

with counsel that the indictment is uncertain and tended to mislead the accused and embarrass him in his defense.

It is clear that before Browning procured the last loan of $674.24 he was already indebted to the Bank in the sum of $33,850. for other loans obtained by him, so that he became by the last transaction indebted to the Bank for loans aggregating the forbidden amount. It does not appear to be material that when the former loans were obtained by him he was not a Director of the Bank, if that be the fact. At the time his indebtedness to the Bank for loans obtained by him exceeded forty per cent of its capital and surplus he was a Director. If the loans exceeded that amount before he became a Director, if he could under the law become a Director under such circumstances, if may be doubtful if the statute would apply but no such inference can be drawn from the indictment and we express no opinion on the point.

It is also contended that the indictment is defective because it does not allege that the total amount of the loans was of the value of a sum equal to more than forty per cent of the capital and surplus. The statute prohibits a bank from lending to a director an ''amount'' exceeding the designated percentage of its capital and surplus. The indictment charged that the amount loaned consisted of ''money, funds and credits''. The last loan was of money, funds and credits of the value of $674.24 which with the prior loans of ''money, funds and credits'' ''exceeded forty per cent. of the aggregate capital and surplus'' of the Bank.

The cases of United States v. Greve, 65 Fed. 488, and United States v. Smith, 152 Fed. 542, cited in the brief of counsel for plaintiff in error, we do not deem to be in point. The Green case was one in which embezzlement was charged of ''certain of the moneys and funds'' of the bank

of the "amount and value of fifty-seven hundred and twenty-three dollars and ninety-three cents". A demurrer to the indictment was sustained by the District Judge on the ground that the phrase "moneys and funds" was not sufficiently definite in description of the thing embezzled. The Court was of the view that the word "funds" meant other property than "money" so if the defendant was accused of embezzling "money and funds" good pleading required that the other property included in the word funds should be described.

The reasoning is not applicable to a proposition like the one in this case. A bank loans credit. It deals in credit with its patrons. When a loan is made for a certain amount rarely if ever is the money paid over to the borrower, but his account is credited with the amount of the loan less the discount and a credit is extended to him at the Bank to the amount of such loan. Rarely if ever does the transaction involve other property. If it ever did it would be a matter of bargain and sale and not a banking loan.

When one applies to a bank for a "loan" he does not have in mind any of the bank furniture or its worthless bills receivable. He has in mind a line of credit measured by the amount of the loan. The statute seeks to prevent the officers of a bank from monopolizing the institution's limit of credit which it may sell by the so-called loan.

In the Smith case, *supra*, an officer of the bank was charged with "wilful misapplication of its money, funds and credits". The court held that the indictment should particularly describe the "funds and credits" alleged to have been misapplied and how the application was made.

If an officer of a bank is charged with embezzling the bank's "money, funds and credits" it is not difficult to understand that the articles embezzled may be any kind of

personal property or bills receivable owned by the bank which came into the officer's custody, but there is little or no doubt of the meaning when he is charged with obtaining a loan from the bank and thereby becoming indebted to it in the certain amount borrowed.

It is also urged that the indictment is defective because it does not show that the "loan" was made without the consent of the Board of Directors. There is no merit in that point because the indictment alleges that the loan exceeded forty per cent of the combined capital and surplus. Such a transaction would have no color of legal authority if it had been approved by the Board of Directors, therefore it would be useless to allege that the loan was made without the Board's consent.

There was no error in overruling the motions to quash and in arrest of judgment.

The point is made in the motion for a new trial that there is a variance between the allegation and the proof in that the last loan charged was not a loan within the meaning of the statute nor was there any proof that the so-called prior loans amounting to $33,850. were loans made by the Bank to Browning. We think that point is well taken. There is much evidence as to indebtedness held by the Bank against the defendant but it seems that the State was unable to show as the indictment alleged that the indebtedness represented by notes arose from loans made by the Bank to Browning. If indeed such was the fact it would seem to be a very simple thing to prove. It was so alleged and of course had to be proved as alleged. The allegation and proof must agree. Much was said by bank examiners which had no relation whatsoever to the charge. If the prior indebtedness of the defendant consisted of loans made to him by the Bank some officer, employee or bank examiner

should have been in possession of the information and by proper questioning the fact may have been disclosed. It was rather left to inference from the fact of indebtedness.

The amount of $674.24 seems not to have been a loan at all but an overdraft by Browning on the Bank for that sum. When the Bank paid the overdraft Browning became obligated to pay but it was an obligation impliedly cast upon him by law to repay the Bank for paying the money over to the payee of the check at the maker's request. In the particular transaction Browning went to the Bank to take up a bill of lading and gave a check on the Bank for the amount of the draft attached. It was afterwards discovered that his balance was not sufficient to cover the check. Nor is there any evidence that the larger part of the indebtedness due by Browning was incurred for money or credit borrowed by him from the Bank. There is no evidence that the Bank loaned any such sum to him. There was evidence of indebtedness in that sum but none that it represented loans made by the Bank to him.

The remaining points in the case are involved more or less in those discussed. The judgment should be reversed because of the variance and it becomes unnecessary to discuss the other assignments of error.

Judgment reversed.

WHITFIELD, TERRELL, BROWN AND BUFORD, J.J., concur.