STATE OF IOWA, Appellee, v. ALFRED JOHNSON, Appellant.

No. 40697.

1198　

June 20, 1931.

Rehearing Denied September 26, 1931.

John H. Meyers, for appellant.

John Fletcher, Attorney-general, Neill Garrett, Assistant Attorney-general, and Clifford B. Paul, County Attorney, for appellee.

 Faville, C. J.—The indictment in this cause, waiving formal parts, is as follows:

"The said Alfred Johnson on or about the 1st day of October in the year of Our Lord One Thousand Nine Hundred and Twenty Two in the County aforesaid did willfully and unlawfully escape from custody, he, the said Alfred Johnson, having been paroled from the Men's Reformatory, Anamosa, Iowa, where, he, the said Alfred Johnson, was committed, did thereafter depart without written consent of the Board of Parole from the territory within which, by the terms of said parole, he was restricted, he, the said Alfred Johnson, then and there did willfully and unlawfully escape from custody, contrary to and in violation of Section 4897-a, Code, 1913."

The appellant demurred thereto on the following grounds:

"First: For the reason that it does not substantially conform to the requirements of the Code of 1913, in that the manner and circumstances of the crime charged are not specifically set

forth therein so that the accused may be advised in order to properly present his defense, and that a judgment thereon could be pleaded in bar to a future indictment for the same offense; that under the language used in the indictment the State might sustain every allegation and yet the accused be innocent of being a parole violator.

"Two: That said indictment contains a matter if true would constitute a legal defense or bar to the prosecution."

An indictment in this identical form was held invalid on demurrer in State v. Frear, 199 Iowa 1063.

This would be controlling in the instant case were it not for the provisions of Chapter 266 of the Acts of the Forty-third General Assembly. Said Act provides:

"Sec. 2. The indictment may charge, and is valid and sufficient if it charges, the offense for which the accused is being prosecuted in one or more of the following ways:

"(1) By using the name given to the offense by statute.

"(2) By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense, or in terms of substantially the same meaning, as is sufficient to give the court and the accused notice of what offense is intended to be charged.

"The indictment may refer to a section or sub-section of any statute creating the crime charged therein, and in determining the validity or sufficiency of such indictment regard shall be had to such reference."

Section 4 of said Act provides for furnishing a defendant with a bill of particulars.

It is contended by appellant that said Chapter 266 is not applicable to this case. The offense is charged to have been committed on the 1st day of October, 1922. The indictment was returned on the 30th day of January, 1924. The said Chapter 266 became effective July 4, 1929. The appellant's demurrer was filed on the 9th day of October, 1930. Appellant contends that said Chapter 266 is *ex post facto* as to him under the facts stated.

In State v. Wilson, 193 Iowa 297, we considered a case where a defendant was charged with the crime of escape from the penitentiary. In that case the penitentiary was located at Fort

Madison, in Lee County. The defendant was an inmate of said institution, but at the time of his escape was working under the custody of the deputy warden on the state farm at Knoxville, in Marion County. The defendant was indicted in Lee County. The indictment charged that the escape was had on the 21st day of May, 1919. Subsequent to the date of the escape but prior to the indictment and trial of the defendant, the legislature enacted a statute providing, in effect, that the jurisdiction of an indictment for the crime of escape is in the county in which the penitentiary is located or in the county in which is located the farm or place in which the party is placed or directed to go by the warden or other officer. This Act became effective July 4, 1919. The defendant in that case contended that he could not be put on trial in Lee County under the new statute where the escape was in Marion County, and contended that said statute was *ex post facto*. We reviewed some of the authorities defining *ex post facto* law and held that said statute did not increase the prescribed punishment or make the act an offense which was not an offense prior to its enactment, nor affect the quantum or nature of the evidence required for conviction. We said:

"In brief it does not work any disadvantage to the accused, operate upon the past, or deprive him of any vested right or right of defense."

See also State v. Norris, 203 Iowa 327, and cases cited therein.

Said Chapter 266 of the Acts of the Forty-third General Assembly was not *ex post facto* as to this defendant. The statute in no way increased the punishment or changed the character of the offense. The statute pertained to a matter of procedure and did in no way inhere in the crime.

The court did not err in overruling the demurrer to the indictment and the judgment appealed from must be and it is— Affirmed.

All justices concur.