PEOPLE v. LEWIS.

1. BANKS AND BANKING—LIMITING LIABILITY—STATUTES.
   In prosecution for incurring excessive liability to bank in violation of statute, it was no defense that bank directors authorized and extended credit to defendant, where he did not comply with requirements of statute by showing that he was entitled to said credit (3 Comp. Laws 1929, §§ 11922, 11947).

2. SAME—CRIMINAL LAW—APPEAL AND ERROR.
   Where amount owing to bank by defendant on notes of which he was maker was in excess of legal amount, inclusion of note on which he was indorser was not prejudicial error.

3. SAME—EXCESSIVE LIABILITY—NOTICE.

Amount owing to bank for cashing checks drawn on defendant's private bank should be included in determining whether he owed bank in excess of statutory amount, where he had knowledge of said custom (3 Comp. Laws 1929, §§ 11922, 11947).

4. SAME—PURPOSE OF STATUTE.

Purpose of statute limiting liability to bank is to safeguard bank's assets and prevent excessive amount of credit being extended to any one debtor (3 Comp. Laws 1929, §§ 11922, 11947).

5. SAME—CONTINUING OFFENSE.

Offense of incurring excessive liability to bank is continuing one, and as long as excessive loans exist, whether by renewal or otherwise, offending party may be prosecuted.

Appeal from Ogemaw; Smith (Fred P.), J., presiding. Submitted January 12, 1933. (Docket No. 136, Calendar No. 36,334.) Decided March 2, 1933.

Charles D. Lewis was convicted of incurring liability to a bank in excess of amount permitted by 3 Comp. Laws 1929, § 11922. Affirmed.

*Henry R. MacGillis,* for appellant.

*Patrick H. O'Brien,* Attorney General, and *William T. Yeo,* Special Prosecuting Attorney, for the people.

NORTH, J. This is an appeal by the defendant who was convicted of violating sections 25 and 50 of the general banking act, being 3 Comp. Laws 1929, §§ 11922, 11947. The pertinent provisions of the statute are:

"11922 * * * SEC. 25. The total liabilities to any bank of any person or of any company, corporation or firm for moneys advanced, * * * shall at no time exceed one-tenth part of the amount of cap-

ital and surplus of such bank: Provided, however, That by a two-thirds vote of directors, the liabilities to any bank of any person or company, or corporation or firm may be increased to a sum not exceeding one-fifth of the capital and surplus of the bank; *but such additional one-tenth of such capital and surplus shall not be loaned to any officer or director,* \* \* \* *until such officer, (or) director,* \* \* \* *furnishes collateral or indorsements satisfactory to the directors, or files with the bank a sworn statement of assets and liabilities showing a net worth of sufficient amount to be entitled to such credit."*

"11947 \* \* \* Sec. 50. Every officer, clerk, agent or employee of a bank who shall knowingly aid or assist in any violation of any of the provisions of this act, shall be deemed guilty of a felony." \*

The information contains two counts. It charges that between January 1, 1930, and June 12, 1930, the defendant, being then and there president and a director of the Union State Bank of Mio, Michigan, a Michigan corporation with capital and surplus not exceeding $25,000, did knowingly and unlawfully incur liabilities to said bank in excess of $14,795 for moneys advanced and loaned to defendant from the funds of said bank, which said loans exceeded one-tenth of the capital and surplus of said bank. The second count is substantially the same except in that it charges defendant's loan exceeded one-fifth of the capital and surplus.

The undisputed proof discloses that within the period covered by the information defendant was indebted to the bank in the sum of $2,628.96, for which it held his promissory notes. This indebtedness alone exceeds the statutory limitation of one-tenth of the bank's capital and surplus. But appel-

---

\* This section was repealed in 1931; see Act No. 328, Pub. Acts 1931, § 101, p. 641; § 567, p. 755.

lant urges that he might lawfully borrow in excess of the statutory limitation of one-tenth of the bank's capital and surplus because the bank directors authorized and extended to appellant credit to the amount of $3,500. The trial judge held against this contention, and we think properly so, for the reasons stated in the following portion of his charge to the jury:

"Now, gentlemen, he could not have that credit of $3,500 at this bank, because that would be in excess of one-tenth of the capital and surplus, and he would have to get credit by conforming to the provisions of the statute, which provide that the liability may exceed one-tenth by another one-tenth; but in order to do that he shall deposit additional collateral security with the bank, or file a sworn statement of his assets showing a worth which would entitle him to credit, or an increased liability of one-fifth of the amount of the capital. He did not do that."

In submitting to the jury the amount of defendant's indebtedness to the bank on promissory notes, a past-due note of $75 on which defendant was the indorser was included. Appellant asserts this as error, claiming that in determining whether the statutory provision has been exceeded only direct liabilities should be considered, not those of an indorser, which are secondary or contingent in character. Regardless of whether such liability is within the terms of the statute, we think the ruling was not prejudicial. Exclusive of this item, defendant's liability of $2,628.96 on three of his notes held by the bank exceeded one-tenth of its capital and surplus. This uncontroverted testimony alone is sufficient to sustain conviction.

Incident to the people's case under the second count, these further facts are pertinent: Appellant

owned and operated a private bank at Comins, Michigan, known as the Comins Bank of Charles D. Lewis. It became an established practice for the Union State Bank of Mio to cash checks drawn by depositors on the Comins Bank; and also for the Comins Bank to cash checks drawn against the Union State Bank by its depositors. As between the two banks, the balance resulting from these operations was debited or credited as the case might be. As the result of cashing checks drawn on defendant's private bank, a very substantial balance due the Union State Bank was being carried on its books. Complaint of this item was made by the banking commissioner, and on several occasions it was taken up with the directors of the Union State Bank. Appellant had knowledge of this situation; and he claims that he forbade the cashing of checks on his private bank at Comins by the officers of the Union State Bank. Notwithstanding this, the custom continued, and a balance due the Union State Bank accumulated to the amount of approximately $14,000. There can be no question that every time a check on appellant's private bank was cashed by the Union State Bank his liabilities to the latter bank were increased to the extent of the moneys so advanced for his benefit. Its repayment was a direct liability of appellant. The checks so cashed were not bills of exchange which came within the exception specified in section 11922. Appellant's contention to the contrary is not tenable, if for no other reason, because these checks were not drawn "against actually existing values" as expressly required by the statute.

The contention made in appellant's brief that there is no testimony in support of the finding by the jury that plaintiff had knowledge of the cashing of these checks by the Union State Bank cannot be

sustained. It is true there is testimony supporting appellant's contention; but it is also true that there is evidence of his knowledge of the complaints by the banking commissioner, and that this matter was taken up in his presence at meetings of the directors of the Union State Bank. The trial judge very carefully and explicitly instructed the jury that cashing these checks would not constitute an offense chargeable against appellant unless he had knowledge thereof. This instruction was repeated several times, and under the testimony as given no reasons appear for disturbing the determination of this issue of fact.

It is vigorously urged in behalf of appellant that his indebtedness to the Union State Bank evidenced by his three promissory notes aggregating $2,628.96 cannot be considered as in violation of the statutory limitation because each of these notes was given as a renewal of indebtedness which accrued to the bank prior to the period covered by the information. The evident purpose of the statutory limitation is to safeguard the assets of the bank and prevent an excessive amount of credit being extended to any one debtor. If credit is extended in violation of the statute the offense is of a continuing nature, and so long as the condition exists the offending parties may be prosecuted. In the instant case, whether by renewal or otherwise, the excessive loans to plaintiff continued in violation of the statute within the period covered by the information. But entirely apart from the loans evidenced by defendant's promissory notes, he became directly liable to the Union State Bank for moneys paid out by it on checks drawn against appellant doing business as the Comins Bank of Charles D. Lewis. On March 19, 1930, the amount of appellant's indebtedness resulting from

the payments of such checks was $2,086.65. Defendant's indebtedness of this character on May 17, 1930, had increased to $7,800.74, and on June 12, 1930, it amounted to approximately $11,000. This increase of appellant's indebtedness to the bank in excess of the statutory limitation all accrued within the period covered by the information. This unwarranted increase of defendant's indebtedness to the Union State Bank clearly constituted a violation of the statute. *People* v. *Hager, ante,* 198.

Other questions presented by this appeal have been considered, but such of them as merit review are presented and decided in *People* v. *Hager, supra.* Judgment affirmed.

McDONALD, C. J., and CLARK, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.