STATE OF IOWA, Appellee, v. HARRY SCHULING et al., Appellants.

No. 42038.

OCTOBER 24, 1933.

George Wrightman and C. A. Robbins, for appellants.

Edward L. O'Connor, Attorney-general, and Charles Van Werden, County Attorney, for appellee.

CLAUSSEN, J.—The grand jury of Madison county returned an indictment against Charles Elmers, Joe Elmers, Harry Schuling, and Ray Luther charging them with the crime of nuisance. The indictment alleges that the defendants did:

" * * * unlawfully, wilfully, and intentionally use and continue to use a building, erection, and place, to-wit; a dwelling house situated in Section 24, Lee Township, Madison County, Iowa, in which unlawful manufacture or sale or keeping with intent to sell, or possession of or use of, or give away, intoxicating liquors, continued and existed, and that said defendants were then and there concerned, engaged, and employed in owning, keeping and manufacturing intoxicating liquors, contrary to the statute," etc.

It is to be noted that the charge is that a dwelling house was used by the defendants in the unlawful manufacture, keeping, and sale of intoxicating liquors, as distinguished from the use of the premises for the manufacture of any instrument intended for use and capable of being used in the manufacture of intoxicating liquors.

The defendants Charles and Joe Elmers are not involved in this appeal. The record indicates that the Elmers were the parties in possession and control of the premises upon which the dwelling house in question was situated. The record does not indicate that appellants Schuling and Luther had any interest in or control of the real or personal property involved in the maintenance of the nuisance.

Appellant, Schuling, is a plumber who maintained a place of business in Des Moines. Luther was Schuling's helper, and the record indicates that Luther was employed by Schuling to help him on this occasion in whatever work may have been done upon the Elmers' property. He was not a regular employee of Schuling. The difficulties in which appellants find themselves are due primarily to the peculiar synchronization of events by which the appellants were on the premises at the time a raid was made by law-enforcing officers under authority of a search warrant. The officers discovered the appellants upstairs in the dwelling house on farm property. In the upstairs rooms the officers discovered fourteen barrels of mash, a large cooker, and various paraphernalia for the condensation of the vapors produced in the process of distillation. The cooker was lying on the floor. The officers testified that some soldering had been done on the cooker, and that the soldering was "fresh". In the upstairs

rooms were found a blow torch and a soldering iron belonging to Schuling. The blow torch and the soldering iron were warm. They also discovered some small sheets of copper and solder in the upstairs rooms. Appellants testified that they were called to the premises for the purpose of repairing a pump on the farm; that the repairs on the pump were completed at noon; that they were invited to take dinner with the Elmers, which invitation they accepted; that after finishing the noonday meal one of the Elmers told Schuling that he (Elmers) had a small job of soldering upstairs; that appellants, unaccompanied by either of the Elmers, took the blow torch and soldering iron upstairs and had not much more than arrived in the upper portion of the house when the raid began. We shall not attempt to set forth all of the evidence. It is sufficient to say that the record presents a situation in which the jury might find that the appellants were engaged in repairing or setting up a still intended for use and capable of being used in the manufacture of intoxicating liquors.

The general prohibitions in relation to intoxicating liquors are found in chapter 94 of the Code. Section 1924 of that chapter prohibits the manufacture of any instrument intended for use and capable of being used in the manufacture of intoxicating liquors. Section 1930, also a part of chapter 94 of the Code, provides that whoever shall use any building for any of the purposes prohibited in the chapter is guilty of nuisance. Applying the statutes to the fact situation, as the jury might find it to exist, appellants were guilty of the crime of nuisance, for they were using a building in the manufacture of an instrument intended for and capable of use in the manufacture of intoxicating liquors. The indictment, as has been noted, does not charge the defendants with the use of the dwelling house for the purpose of manufacturing a still. Its allegations are confined to the use of the building for the purpose of unlawfully manufacturing, keeping, and selling intoxicating liquor. There is no evidence in the record tending to connect appellants with the manufacture, keeping, or sale of intoxicating liquors. Chapter 94 contains many prohibitions in relation to intoxicating liquors. The use of premises for the doing of any of the prohibited acts is the crime of nuisance. Under the provisions of chapter 638 of the Code, and especially under section 13732-c2, the indictment may charge an offense by using the name given to it by statute. By section 13732-c4 the defendant is entitled, under certain circumstances, to a bill of

particulars. But it is provided by Code section 13732-c1, that particulars of the offense may be set forth in the indictment with the view of avoiding the necessity for a bill of particulars. The crime may be charged by its name. In that event the defendant is entitled to a bill of particulars. If he asked for no bill of particulars, the state could undoubtedly convict him upon proof of any acts constituting the offense named. But if a bill of particulars was asked for and filed, the state would be limited to proof of the acts indicated in such specifications. If, in order to obviate the necessity for a bill of particulars, the state includes the particulars in the indictment, the defendant has a right to rely upon the acts alleged as constituting the offense with which he is charged. In this situation it seems certain that the defendant cannot be charged with nuisance, in that he used a building for unlawfully manufacturing, selling, and keeping intoxicating liquors, and be found guilty thereof upon proof that he used the building for manufacturing a still. The crimes are not the same even though they are each named nuisance by the statute.

At the close of the state's case and again at the close of all the evidence, appellants asked that the jury be directed to return a verdict of not guilty, for the reason that the evidence did not sustain the allegations of the indictment. This motion was overruled by the trial court. For the reasons stated above, we think it should have been sustained.

Other matters are complained of by appellants which are in effect disposed of by the foregoing discussion. The judgment of the trial court is reversed.—Reversed.

ALBERT, C. J., and EVANS, KINDIG, and DONEGAN, JJ., concur.