STATE OF IOWA, Appellee, v. EDWARD STACK, Appellant.

No. 43238.

APRIL 7, 1936.

Walter Koerner, for appellant.

Edward L. O'Connor, Attorney General, and Walter F. Maley, Assistant Attorney General, for appellee.

ANDERSON, J.—The grand jury of Dubuque county, Iowa, returned an indictment against the defendant the charging part of which was as follows:

"The Grand Jurors of the County of Dubuque, in the name and by the authority of the State of Iowa, accuse Edward Stack of Breaking and Entering, and charge that the said Edward Stack in the County and State aforesaid did, on or about November 29, 1934, break and enter the Hartig Drug Company store at First and Locust Streets in the City of Dubuque, Iowa, contrary to and in violation of section 13001 of the Code of Iowa for 1931."

The defendant filed a demurrer questioning the sufficiency of the indictment, stating that the indictment does not conform to the requirements of the Code of Iowa, and that no crime is charged therein. This demurrer was overruled and a plea of not guilty was entered by the defendant. The cause proceeded

to trial resulting in a verdict finding the defendant guilty of the crime charged, upon which judgment and sentence was pronounced.

The evidence was amply sufficient to show the defendant's guilt and upon which to base the verdict of guilty. No question is raised in the appeal as to the sufficiency of the evidence or as to the instructions of the court.

The defendant's motions in arrest of judgment and for a new trial, based upon the same grounds as was his demurrer to the indictment, were overruled by the court, and the defendant has appealed from the rulings on the demurrer, the motion in arrest of judgment, and the motion for a new trial.

The one question that is presented for our determination is as to the sufficiency of the indictment. The defendant contends that the indictment does not substantially conform to the statutory requirements for the reason that it does not include the statement that the breaking and entering was done "with intent to commit any public offense", and that without this allegation breaking and entering is not a crime.

Section 13001 of the Code, under which the indictment is drawn, provides as follows:

"If any person, with intent to commit any public offense, in the daytime break and enter, or in the nighttime enter without breaking, any dwelling house; or at any time break and enter any office, shop, store, warehouse, railroad car, boat, or vessel, or any building in which any goods, merchandise, or valuable things are kept for use, sale, or deposit, he shall be imprisoned in the penitentiary not more than ten years, or be fined not exceeding one hundred dollars and imprisoned in the county jail not more than one year."

Chapter 638 of the Code now provides for the so-called "short form" of indictment, and sections 13732-c1, 13732-c2, 13732-c3, 13732-c33 provide for the form of indictments charging various statutory offenses. Many of the statutes defining crimes and providing for the punishment include the phrase "with intent to commit any public offense". For illustration, see the definition of burglary as contained in section 12994, "If any person break and enter any dwelling house in the nighttime, *with intent to commit any public offense;*" etc. (Italics supplied.)

Section 12997 defining burglary by means of explosives, "Any person who, *with intent to commit crime,* breaks and enters," etc. (Italics supplied.)

Section 12998. Burglary by means of electricity. "Any person who, *with intent to commit crime,* breaks and enters," etc. (Italics supplied.)

Section 13000. Possession of burglar's tools. "If any person be found having in his possession at any time any burglar's tools or implements, *with intent to commit* the crime of burglary," (Italics supplied) and,

Section 13001, the section under consideration here, "If any person, *with intent to commit any public offense* * * * break and enter," etc. (Italics supplied.)

The short form of indictment specifically prescribed by statute, section 13732-c1, provides and sets out an indictment for burglary in the following language:

"The grand jurors of the county of Polk accuse John Doe of burglary and charge that on or about the 1st day of December, 1928, John Doe committed burglary of the dwelling of Richard Roe."

Section 13732-c2 provides that the indictment may charge, and is valid and sufficient if it charges, the offense for which the accused is being prosecuted in one or more of the following ways:

"1. By using the name given to the offense by statute. 2. By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense, or in terms of substantially the same meaning, as is sufficient to give the court and the accused notice of what offense is intended to be charged." And this section further provides: "The indictment may refer to a section or subsection of any statute creating the crime charged therein, and in determining the validity or sufficiency of such indictment regard shall be had to such reference."

Section 13732-c3 provides:

"No indictment which charges the offense in accordance with the provisions of section 13732-c2 shall be held to be insufficient on the ground that it fails to inform the defendant of the particulars of the offense."

Section 13732-c33 provides forms which may be used in cases in which they are applicable, and in this we find that burglary may be charged in the following language: "A. B. committed burglary of the dwelling of C. D." And this is under section 12994 defining the crime of burglary, which section includes the phrase "with intent to commit any public offense." Similar prescribed forms of indictment are included in the section 13732-c33 for burglary by means of explosives, and burglary by means of electricity under sections 12997 and 12998, both of which sections contain the clause "with intent to commit crime". This section also prescribes a form for the crime of breaking and entering under section 13001, the section to which reference is made in the indictment we have under consideration, and the form given is "A. B. broke and entered the dwelling of C. D."

The indictment in the present case goes further than do the specific forms provided in the sections of the Code to which we have referred, in that it charges the commission of the crime in the language prescribed by the sections quoted and adds thereto "contrary to and in violation of section 13001 of the Code of Iowa for 1931". The indictment in the instant case not only conforms to the prescribed forms as contained in chapter 638 providing for short forms of indictments, but it specifically refers the one charged to the fact that he is charged with the violation of section 13001. Certainly with this reference added to the form of indictment prescribed by statute the defendant could not be mislead or prejudiced. He was certainly informed of the crime of which he was charged:

In the case of State v. Johnson, 212 Iowa 1197, 237 N. W. 522, we find a case almost identical with the case at bar. In the cited case we referred to the fact that chapter 266 of the Acts of the Forty-third General Assembly providing for short form of indictment superseded all prior statutory enactments and that the sufficiency of the charging part of an indictment will be determined by the "short form of indictment" act as provided in chapter 266 of the Forty-third General Assembly (now chapter 638 of the Code).

In State v. Henderson, 215 Iowa 276, 279, 243 N. W. 289, 290, Judge Albert speaking for the court says:

"It is next argued that chapter 266 of the Acts of the 43d

G. A. now appearing as chapter 638, Code 1931, is unconstitutional because it does not fully apprise the defendant of the offense of which he is attempted to be charged. This objection, of course, is untenable because section 13732-c4 of the present Code specifically provides that if the same fails to inform the defendant of the offense sufficiently to enable him to prepare his defense, or to give him such information as he is entitled to under the Constitution of this state, the court may, of its own motion, and shall, at the request of the defendant, order the county attorney to furnish a bill of particulars containing such information as may be necessary for these purposes, or the county attorney may of his own motion furnish such bill of particulars. The defendant was therefore fully protected in this respect, and the law is not subject to the criticism that the same is a violation of the Constitution.''

In State v. Schuling, 216 Iowa 1425, 1427, 250 N. W. 588, 589, Justice Claussen speaking for the court, and construing the short form of indictment act, used the following language:

''Under the provisions of chapter 638 of the Code, and especially under section 13732-c2, the indictment may charge an offense by using the name given to it by statute. By section 13732-c4 the defendant is entitled, under certain circumstances, to a bill of particulars. But it is provided by Code section 13732-c1, that particulars of the offense may be set forth in the indictment with the view of avoiding the necessity for a bill of particulars. The crime may be charged by its name. In that event the defendant is entitled to a bill of particulars. If he asked for no bill of particulars, the state could undoubtedly convict him upon proof of any acts constituting the offense named.'' See, also, the very recent case of State v. Engler, 217 Iowa 138, 251 N. W. 88. In the instant case the defendant asked no bill of particulars.

We are constrained to hold that the indictment in the case at bar was in conformity to the form prescribed by chapter 638 of the Code, and that it sufficiently charged the defendant with the crime for which he was convicted. An affirmance necessarily follows.—Affirmed.

Donegan, C. J. and Mitchell, Richards, Hamilton, Parsons, Kintzinger, and Stiger, JJ., concur.