469 So.2d 209 (1985)
KENT INSURANCE COMPANY; Gags Enterprises, Inc., d/b/a Sandspur Bar, Appellants,
v.
Ruth Joanne SCHROEDER, et al., Appellee.
Nos. 83-1826, 83-1827.
District Court of Appeal of Florida, Fifth District.
May 23, 1985.
Dennis P. Dore, of Haas, Boehm, Brown, Rigdon & Seacrest, P.A., Daytona Beach, for appellant Kent Ins. Co.
Kathleen V. McCarthy, Hialeah, for appellant Gags Enterprises, Inc.
Thomas F. Pepe, of Pepe and Nemire, Coral Gables, for appellee Ruth Joanne Schroeder.
SHARP, Judge.
Kent Insurance Company and Gags Enterprises, Inc. (Gags) appeal from a jury verdict and final judgment awarding Schroeder $31,500.00 in compensatory damages and $30,000.00 in punitive damages *210 for an intentional tort committed against her by McElfish, the president of Gags and a primary stockholder. Gags argues it is not liable for punitive damages under the requirements of Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla. 1981). We affirm.
The record establishes that Gags owned the Sandspur Bar in Melbourne, Florida. The bar had a studio apartment attached to the back, which was occupied at various times by McElfish, who acted as the bar's manager. As he had done on other occasions, McElfish invited Schroeder to go with him to a party at another lounge in Melbourne, to assist him in entertaining business clients. After the party, they returned to the apartment at the Sandspur. An argument arose between them. Anger begat violence, which resulted in McElfish inflicting numerous personal injuries on Schroeder.
In a special interrogatory verdict, the jury found that McElfish was acting within the scope of his employment for Gags at the time of his actions. There was some evidence in the record as to the business relationship of Schroeder and McElfish, and McElfish explained that he was trying to remove Schroeder from the premises because she was rowdy and intoxicated, and he wanted to lock up the bar for the evening. The jury's finding is thus supported by the record and must be sustained on appeal. Helman v. Seaboard Coast Line Railroad Company, 349 So.2d 1187 (Fla. 1977); INA Life Insurance Company of New York v. Davis, 404 So.2d 397 (Fla. 5th DCA 1981).
It is axiomatic "that a corporation can only act through its officers and agents... ." Browning v. State, 101 Fla. 1051, 133 So. 847, 848 (1931). Thus, by virtue of his position as corporate president of Gags and the manager of the bar owned by Gags, the acts of McElfish are indistinguishable from the acts of the corporation itself.[1] Under these circumstances, the corporation is liable for the punitive damages. See Bankers Multiple Life Insurance Company v. Farish, 464 So.2d 530 (Fla. 1985); Robinson v. Winn-Dixie Stores, 447 So.2d 1003 (Fla. 4th DCA 1984).
This case is factually distinguishable from Mercury Motors because the person upon whose acts punitive damages were predicated in that case, was a low level employee. Under those facts, the plaintiff must prove some fault or wrongdoing on the part of a corporation before punitive damages will be awarded against it, on the basis of vicarious liability or respondeat superior. In the instant case, the employee acting in the scope of his employment was the president and managing agent. The supreme court in Farish stated that Mercury Motors "was not intended to apply to situations where the agent primarily causing the imposition of punitive damages was the managing agent or primary owner of the corporation." Farish, 464 So.2d at 533.
AFFIRMED.
ORFINGER and COWART, JJ., concur.
NOTES
[1] Jacksonville Amer. Pub. Co. v. Jacksonville Paper Co., 143 Fla. 835, 197 So. 672 (1940); 2 W. Fletcher, Cyclopedia of the Law of Corporations, §§ 266-267, 275 (C. Scotti ed. 1982); 8 Fla. Jur.2d, Business Relationships, § 240 (1978).